IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SUMMER JONES,
14000 NW 1st Ave
Miami, FL 33169                                           CASE NO.:
      Plaintiff,

vs.

KAEDEN GIBSON
500 Greer Ln
Bardstown, KY 40004
      Defendant.
_____/

## COMPLAINT

Plaintiff, SUMMER JONES, ("Jones" or "Plaintiff"), by and through undersigned counsel, hereby brings this Complaint against Defendant, KAEDEN GIBSON ("Gibson" or "Defendant") for false, malicious and defamatory statements published and disseminated by Defendant (hereinafter, the "Defamatory Material"), which have caused and continue to cause severe harm to Plaintiff's personal and professional reputation.

## PARTIES

1. **Plaintiff Summer Jones** is a musical artist and TikTok influencer, signed to Rebel Music LLC, once having more than one million followers on the TikTok platform.[1] Plaintiff is a resident of Florida and resides in Miami-Dade County, Florida.

2. Defendant **Kaeden Gibson** is a social media influencer with over thirty thousand (30,000) followers on TikTok and resident of Kentucky and resides in Nelson County.

## JURISDICTION AND VENUE

3. This is filed as a diversity action.

---

[1] https://www.tiktok.com/@901sumo?is_from_webapp=1&sender_device=pc

1

4. This Court has jurisdiction over this action and Defendants pursuant to 28 U.S.C. 1332 (a)(1) as this matter is because parties are citizens of different States and the amount in controversy exceeds more than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper pursuant to 28 USC 1391 (b) and (c) because a substantial part of the event or omissions giving rise to the claim occurred in this District.

## BACKGROUND

1. Plaintiff has dedicated much of her life to music and becoming a successful musical artist.

2. Plaintiff and Defendant met on or about April 17, 2024 in Louisville, Kentucky.

3. After meeting, Plaintiff and Defendant's friendship evolved into a romantic relationship.

4. Shortly after meeting Defendant, Plaintiff garnered the attention of a Miami-based record label. After being signed to that label, Plaintiff relocated to Miami, Florida and achieved a successful musical career.

5. Sometime thereafter, on or about February 2025, Plaintiff and Defendant separated due to irreconcilable differences.

6. On or about February 9, 2025, in widely disseminated posts published online, via TikTok, Defendant has initiated a campaign aimed at ruining and damaging Plaintiff's personal professional reputation as a musical artist by, amongst other things, maliciously and falsely stating that Plaintiff is a pedophile.

7. Plaintiff is not a pedophile, does not have an attraction to children, does not have POCD, does not have urges to perform sexual acts with children, did not sell a sex tape depicting sexual

acts between Plaintiff and Defendant, has never had sexual intercourse with a male, has never raped the Defendant, has never had intimate communications with a sixteen-year-old female child, has never swapped photographs with a sixteen-year-old female child, was never uncomfortable sleeping in bed with Defendant's four-year-old son because of POCD, never drugged nor raped a female dancer in Atlanta, Georgia, never sent individuals to Defendant's home to harass the Defendant and never leaked Defendant's name, address to Defendant's child's school or phone number.

8. Defendant knows and has known at all relevant times the allegations were untrue. Plaintiff has never engaged in sexual relations with a minor, nor has she ever been charged with, or convicted of, any criminal acts whatsoever.

9. Defendant bears legal responsibility for the publication of the defamatory material and as such bears responsibility for the foreseeable consequences of such publication therefore Plaintiff brings this Complaint as Defendant is liable for the actual and foreseeable harm Plaintiff has sustained to date as well as the continued and prospective damages she is reasonably certain to incur as a direct result of Defendant's defamatory statements.

10. Defendant's statements were made with actual malice or, at a minimum, with reckless disregard for the truth, and were widely disseminated to the public, resulting in reputational damage, emotional distress, loss of professional opportunities, and other tangible and intangible harms. Plaintiff files this Complaint to hold Defendant accountable under the law, to restore her good name, and to obtain compensation for the significant injuries she has suffered as a direct and proximate result of Defendants' wrongful conduct related to her defamatory statements.

## FACTUAL ALLEGATIONS

11. Liability in this action is predicated upon the publication and dissemination of the

false and defamatory material by Defendant. The defamatory statements constitute actionable defamation per se, as they falsely accuse Plaintiff of criminal conduct and moral turpitude, thereby causing presumed and actual damages. Defendants' conduct was undertaken with actual malice or, at a minimum, with reckless disregard for the truth, giving rise to liability under applicable defamation laws.

12. On or about February 9, 2025, in a widely disseminated posts published online, via TikTok, Defendant initiated a campaign aimed at ruining and damaging Plaintiff's professional career as a musical artist by, amongst other things, maliciously and falsely stating that Plaintiff:

   a. is a pedophile;
   b. has sexual attractions to children;
   c. has Pedophile Themed Obsessive-Compulsive Disorder ("POCD");
   d. has urges to perform sexual acts with children;
   e. sold a sex tape depicting sexual acts between Plaintiff and Defendant;
   f. had sexual intercourse with men;
   g. raped the Defendant;
   h. had intimate communications with a sixteen (16) year old female child;
   i. swapped nude photographs with a sixteen (16) year old female child;
   j. was uncomfortable sleeping in bed with Defendant and Defendant's four (4) year old son because of POCD;
   k. drugged and raped a female dancer in Atlanta, Georgia;
   l. sent individuals to Defendant's home to harass Defendant; and
   m. leaked Defendant's name, address to Defendant's child's school and phone number.

13. The defamatory statements are unequivocally false.

14. Plaintiff has never been charged with, indicted for, or convicted of any offense involving sexual violence or assault, including, but not limited to any offense involving sexual violence against a minor. Furthermore, Plaintiff has never engaged in, nor been credibly accused of engaging in, any inappropriate romantic or sexual relationship with a minor.

15. Defendants' statements were made with actual malice or, at a minimum, with reckless disregard for the truth, and were widely disseminated to the public, resulting in reputational

4

damage, emotional distress, loss of professional opportunities, and other tangible and intangible harms.

16. As a public figure, Plaintiff's professional reputation is a critical asset, intrinsically tied to her career and financial livelihood. The intentional and malicious dissemination of the defamatory statements have caused severe and irreparable harm to Plaintiff's reputation. As a direct and foreseeable consequence of Defendants' actions, millions of individuals worldwide now falsely associate Plaintiff with heinous and criminal conduct, including pedophilia and sexual violence against children—associations that are wholly untrue, deeply damaging, and profoundly injurious to her personal and professional standing.

## FIRST CLAIM
### Defamation/Defamation *Per Se*

17. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

18. Plaintiff is a public figure.

19. Defendant published, caused the publication of, participate in the publication of, and/or reasonably could have foreseen that her actions would result in the publication of a series of false and defamatory statements of fact about Plaintiff distributed same (via online social media platforms) in Kentucky, Florida and throughout the rest of the world.

20. Defendant intentionally made false implications through false statements. The meanings of Defendant's false and implied statements are apparent from the face of the publications, reasonably understood by readers to convey false assertions of fact, and clearly refer to Plaintiff by name and/or by direct implication. The statements were made publicly, without privilege, and were of and concerning Plaintiff, thereby causing harm to her personal and professional reputation.

21. The statements made by Defendant had, and continue to have, a defamatory effect, because they have resulted in an adverse effect on the reputation and standing of Plaintiff, and with Plaintiff's fanbase and businesspeople whom Plaintiff has done, was in the process of doing, or plans to do business with in the future.

22. Defendant's statements have had, and continue to have, the effect of impeaching Plaintiff's honesty, integrity, and moral character, and have disparaged her professional musical career, to which she has devoted significant time and through which she has sought to inspire and serve her fan base.

23. Defendant published specific and unambiguous statements and/or implications that Plaintiff has POCD. That is false.

24. Defendant published specific and unambiguous statements and/or implications that Plaintiff has a sexual attraction to children. That is false.

25. Defendant published specific and unambiguous statements and/or implications that Plaintiff is a pedophile. That is false.

26. Defendant published specific and unambiguous statements and/or implications that Plaintiff has urges to engage in sexual acts with children. That is false.

27. Defendant published specific and unambiguous statements and/or implications that Plaintiff sold a sex tape depicting sexual acts between Plaintiff and Defendant. That is false.

28. Defendant published specific and unambiguous statements and/or implications that Plaintiff had sexual intercourse with men. That is false.

29. Defendant published specific and unambiguous statements and/or implications that Plaintiff raped the Defendant. That is false.

30. Defendant published specific and unambiguous statements and/or implications that

Plaintiff previously communicated with a sixteen-year-old female child in an inappropriate manner. That is false.

31. Defendant published specific and unambiguous statements and/or implications that Plaintiff swapped nude photographs with a sixteen-year-old female child. That is false.

32. Defendant published specific and unambiguous statements and/or implications that Plaintiff was nervous and uncomfortable being around the Defendant's four-year old son because Plaintiff had sexual urges towards Defendant's four-year old son and didn't think she could control herself. That is false.

33. Defendant published specific and unambiguous statements and/or implications that Plaintiff was nervous and uncomfortable sleeping in the same bed with the Defendant's four-year-old son because Plaintiff suffered from POCD. That is false

34. Defendant published specific and unambiguous statements and/or implications that Plaintiff drugged and raped a female adult dancer in Atlanta, Georgia. That is false.

35. Defendant published specific and unambiguous statements and/or implications that Plaintiff dispatched individuals to the Defendant's home to harass the Defendant. That is false.

36. Defendant published specific and unambiguous statements and/or implications that Plaintiff leaked the Defendant's name, address to Defendant's son's school and Defendant's phone number to the public in an attempt to harass and threaten the Defendant. That is false.

37. Defendant published the false and defamatory statements about Plaintiff with knowledge of their falsity and/or with reckless disregard for the truth.

38. All the defamatory statements made and published by Defendant concerning Plaintiff are false.

39. As a direct and proximate cause of Defendant's defamatory statements, Plaintiff has lost

business opportunities thereby suffering substantial general, actual, consequential, and special damages, including, but not limited to, damage to her reputation and professional standing, loss of esteem in the community, personal humiliation, mental anguish, emotional distress, psychological harm, anxiety, loss of earnings, diminution of earning capacity, and other pecuniary losses, incurring attorneys' fees and other costs and expenses based on Defendant's defamatory statements because business associates believed the false statements published by Defendant including key executives in the music industry who demand more information about the underlying issue being reported by Defendant before they are willing to proceed with ongoing business negotiations with Plaintiff and/or continued fanbase following who concluded that Plaintiff is pedophilic, irresponsible and untrustworthy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant for the cause of action raised herein. The Plaintiff respectfully requests a judgment in favor against the defendants for:

a. Nominal damages;

b. Compensatory damages, including general, actual, consequential, and special damages, in an amount to be determined by the Court;

c. Punitive damages;

d. Reasonable and necessary attorneys' fees;

e. Reasonable and necessary costs of the suit;

f. Prejudgment and post-judgment interest at the highest lawful rates;

g. Declaratory relief stating the statements published by Plaintiff were and are false;

h. Injunctive relief enjoining Defendant from making statements she knows to be false; and

i. Such other and further relief as the Court deems just and appropriate.

Date:   July 17, 2025                             /s/*Shanta Roberson*
                                                  Shanta Roberson
                                                  FL Bar#1028155
                                                  Law Office of S. Alicia Roberson, PLLC
                                                  Post Office Box 551702
                                                  Miami Gardens, FL, 33055
                                                  Telephone: (786) 625-7974
                                                  Email: lawofcsaliciaroberson@gmail.com